Okay, we're going to move to the last case. Washington versus Howard. Okay. Washington versus Howard. Is it Mr. Philip Povitz? Philip Povitz, Your Honor. Philip Povitz. Congratulations on getting a background that looks like our courtroom in Atlanta. Well done. I ensure it was not copyrighted. That's pretty creative. Will you please speak with us? May it please the court. My name is Jeff Philip Povitz. I represent Ms. Washington in this appeal. When Heard saw Ms. Washington in person and said, that's not her. At that point, she should have been released. Had the detective... Why is that? I mean, it seems to me that he's... The officer's been told a lot of other things that would suggest it is her. Why is it that the officer is obliged to necessarily credit that? Because it's from someone who has confessed to a crime. And therefore, there may be some issues with believing that individual. Why isn't there still at least probable cause here? Because her arrest was predicated solely on Heard identifying my client based on a photograph that was provided by a confidential informant. We don't know anything about the basis of that CI's knowledge, and neither did the detective in this case. We don't know anything about the photograph because the photograph was not preserved. We don't know if it was blurry. We don't know if it was recent. We don't even know if it was truly Ms. Washington. So the arrest is predicated on Heard's identification of a photograph. When Ms. Washington appears in person and Heard says, that's not her. What we are left with is, what is the strength of that prior identification? We know that information from the CI is not sufficient for probable cause. Because all that was, was she may have been involved with no other explanation for that knowledge. We know that Howard does not have any other basis for probable cause other than that photographic identification. Ms. Washington, in her interview, explained her whereabouts, offered alibi witnesses, volunteered her cell phone password, and did everything she could to try to... Is the source of her identification. And he says, oh, that's not her. Isn't there... Isn't there reason, though, to still believe that that's not necessarily the case? If that photograph was a fair and accurate representation of Ms. Washington, such that it was so clear that Mr. Heard was speaking of the exact same person. If he was saying, that's the person, the person I saw in the photograph. My problem is going to this. It would seem to me that he might recant his previous identification in the presence of someone who would have a motive to exact revenge. He could, but I don't know that recant is necessarily the right word. If the photograph was an accurate picture of Ms. Washington, perhaps recant is the appropriate word. But if the photograph was not clear, and we don't know because the detective did not keep it. If the photograph did not represent Ms. Washington, I don't think it's fair to view this as a recantation of an identification so much as him saying, that's not the person who I saw in the photograph, or that's not the person who was there with me. What was the state of the law with respect to telling a police officer what he's supposed to do when he makes an arrest based on a warrant that then may be questionable? This court has established well before this case that in the context of a malicious prosecution case probable cause is required to initiate and continue a prosecution. And so that's Wood versus Kessler. Excuse me. What I'm interested in is what law tells the police officer on your own, you can decide there's no probable cause, or if you question the probable cause, you have to alert the judicial officer that issued the warrant and have them take the action. If you uncover exculpatory evidence after presenting information to a magistrate, the law that requires a, and I don't believe the district court or the opposing party disputes that the law is clearly established on this front, is that probable cause is required to, this is a 2008 case, Jelson versus Mills, to continue a prosecution, not just arrest or initiate or institute a prosecution. Wood versus Kessler in 2003, criminal prosecution continued without probable cause can be malicious prosecution. And so when facts come to light to an officer that undermine the information that had just been presented to a magistrate, I believe the duty to update that magistrate with the new information is established. That's, you're not understanding the question. The question is, in this case, aren't you arguing that the police officer should have immediately released the person? Or are you arguing that he should have gone back to the issuing officer and said there's a mistake here? The latter. He should have gone back to the magistrate and alerted the magistrate of the new developments. So what you're, so your position is that by not doing that, then the actionable malicious prosecution action occurred? Yes, ma'am. Yes, Your Honor. I'm not sure. How long do you have? I guess my question is, so let's assume that he continues the interrogation of your client and he tells another officer, can you go tell the magistrate that there could be a problem? Okay. And the magistrate denies the request or says, I think that probable cause still exists. What then? Then the officers acted reasonably by informing the magistrate and so long as no information is misrepresented to the magistrate, or so long as the information presented isn't so obviously lacking of probable cause and the magistrate's decision would insulate the officer. I'm having a hard time understanding something. So you're saying the analogous common law toward for the Fourth Amendment violation is malicious prosecution? Yes, sir. The elements of which are, so you had process that was issued here, you had an arrest warrant supported by probable cause at the time that it issued. How is what you're arguing now lining up with that common law toward? Well, I guess the question is, the gateway question is the Fourth Amendment or 14th Amendment claim. I'm not sure if framing it that way is the right way to attack this, but what we have. So what the Supreme Court has told us that we have to do in these Fourth Amendment cases under 1983 is look for guidance from a common law toward analog from the time that Section 1983 was adopted. What really matters, of course, is the constitutional violation, but that's what we look to for guidance. We've issued a series of opinions about this recently. And I'm having a hard time following it. So this this court's previously stated that probable cause is required to initiate and continue a prosecution. Now, in this case, the arrest happened in the court over the court arrest lasted for about 25 hours. So what we have here is a seizure that could be justified as a warrantless arrest. But there was a warrant. There was, there was, but as the court. This isn't false arrest as the common law toward analog. You're saying it's malicious prosecution, right? Yes. You're saying it's after after the after the officer understood or should have understood that your client was not the person they had a duty or an obligation to go to the issuing magistrate to let them know that there was a problem with the warrant. And by continuing the interrogation, then there was a violation, a constitutional violation. Yes, your honor. Yeah, my problem is I don't understand how that lines up with the common law court. Well, I am what I lined it up with and pleading the case is the prior statements from this court that probable cause is required to continue a prosecution. The duty to assess probable cause on an ongoing basis certainly applies to warrantless arrest. And there is a. Well, is it based on the theory of being held without probable cause? It's not based on it. From the issuance of the arrest warrant or the arrest pursuant to the warrant. It's it's on the notion that once you've had this later information come to your attention, that is it a false imprisonment argument? I don't think it is a false under the 14th Amendment. I don't think the 14th Amendment is is the right way to view it. I think that an officer learns learns after the fact that information presented to a magistrate is either false or, you know, has developed differently. And such that is is more you're not saying that he can release him. You're saying he has to go back to the magistrate in that forum and that cuts off his liability. And I'm just having a hard time saying how that lines up with with any established law of which I'm aware. Well, the law is that an officer must testify truthfully to their not best of their knowledge to imagine there's no untruthful testimony. That you've showed here to a magistrate. But when subsequent facts develop such that he didn't go back to the magistrate, so he didn't testify falsely. You're saying he should have gone back. I'm not saying he testified falsely. I'm saying what he learned later cast the prior statements that were presented to a magistrate as in a false light and the magistrate should be presented with that information to continue the seizure. And what's the clearly established law that would have put him on notice of that? Of the obligation to assess probable cause on an ongoing basis. I'd cite Wood versus Kessler, Jelson versus Mills, and the other cases that are are cited in our brief. And I think the principle is established broadly that Mr. Yes, sir. Thank you, Your Honor. Thank you for the opportunity to be heard. I think I can sum things up succinctly with the understanding that the trial court granted investigator watch or investigator Howard qualified immunity in this. So I'm looking at this from an arguable probable cause standpoint. If I'm looking at. We're not talking about a warrantless arrest, right? We're talking about an arrest based on a warrant. Correct. Which I understand false arrest is not the common law toward analog, right? Correct. It'd be malicious prosecution. Correct. At the time that Miss Washington alleges that Mr. Heard said, that's not her, which we dispute. At that time, the information known to investigator Howard was he was contacted by an outside agency. Said, I've got a CI who has given me this photograph and I identified that person as a, as a Vivian Washington who works at a pizza place with two of the other suspects involved in the underlying crime. We've been shown that photograph to Mr. Heard and Mr. Heard has said, yeah, that's her. That's the girl that I was with. Based on that information alone, there's probable cause to continue. Is there any evidence that's to dispute that that's what the officer was told? No, your honor. That is the record evidence that's before the court at that time. Even if there's a, that's not her, the, the, the requirement that Mr. That investigator Howard give up, call the magistrate, say, Nope, that's it. It's all over with is onerous. It's untenable and it's incorrect. What he did was what he should have done, which continued that investigation within an hour. So she is hooked up to a polygraph and fails it. She is, she is asked if she was involved in underlying crime. She says no. And that was incorrect. According to the polygraph. She then confesses some minutes later to being involved in the crime. It is only, and this is not in dispute. It's only when Mr. Ms. Washington tells investigator Howard, all of these crazy facts that are not possible under these under the Dow crime. That Mr. That investigator Howard says, wait a minute, this, this girl can't be involved in this. That is according to Ms. Washington. She believes that that's the first time that investigator Howard said, Oh, wait, I can't believe this anymore. And is that that's the time when he goes to her, her recants. Still, there's so much back and forth there that he, that investigator Howard brings her to the polygraph. And then that's when everything comes to light. And then that's when investigator Howard correctly contacts the magistrate cancels the warrant and apologizes to Ms. Washington for all of the confusion and releases her gets a deputy to drive her home, even tells her to call her mom and apologizes. And it's very remorseful about the situation. So the probable cause when it dissipates is there. And that's when investigator Howard did everything in his power to ensure that this Washington's constitutional rights were in order there. I mean, that's the gist of the argument here is that the probable cause did not dissipate after until after all of that stuff that happened. And it would be onerous and incorrect like I said to have investigator Howard just throw his hands up after he hears that that's not her in passing by. I get the problem I'm having is, I mean, I don't know where onerous comes from in the law. I mean, what I'm trying to figure out is what's the constitutional violation. And then whether there's any law that clearly establishes that that is a constitutional violation of which the officer should have been on notice. Correct. Both of the elements that I have to consider for purposes of qualified immunity. I'm having a hard time understanding here. Well, the constitutional violation as he as petitioner alleges occurs when there's the that's not him but that's incorrect. If there was a constitutional violation, it would have been his argument is that that is that supports that the failure to go back to the magistrate and inform the magistrate about that new development somehow supports the common law toward analog for malicious prosecution, but I don't know where that comes from. I do not either your honor and I don't have any case law that says suggest that that's that's the case when the when the probable cause dissipates. That's when there's the requirement to go to the magistrate and at that point that had not occurred when it did occur, investigator Howard did everything that's power to remedy the situation. Yeah. I don't have anything further if anybody has any questions. Thank you for your time. I'm happy to provide this extra time back to the court. Thank you. Mr. As far as the source of the constitutional violation and if an officer makes an arrest pursuant to a warrant which they, they obtained or whose partner obtained it for them, and learns that information. Let's just let's take it out of this case learns that information is false and learns that person is innocent. I, the Constitution cannot support, allowing that person to remain incarcerated that may be. It's just not entirely clear to me that this officer would have necessarily been on notice, given everything that he had been told beforehand that the suspects declaration that that's not her. That that had to be credited and probable cause has been eliminated and my understanding is based on what you said today you're not saying the officer was obliged to release the suspect. You're saying that the suspect that the officer instead was somehow required to go back to the magistrate and inform this development, and I'm trying to understand where that comes from in the law. I think I've. As far as the source of law, what is in our brief and what I've said today is what I can say on that I'd like to touch briefly on any of these cases say that an officer would have to go back to the magistrate judge, the magistrate, where, what, what, what's your best case for that. The best case for going back to the magistrate would be. Well, I think the principle, the broadly established principle I think it is best established in Barnett versus MacArthur I acknowledge that applies to warrantless arrest but so we're not talking about. I am. I understand but the, I, I'm struggling with the notion that the Constitution allows an officer to seek a warrant uncover exculpatory evidence after the warrant is issued. And then while in the midst of that investigation, not inform the magistrate that that this new evidence has been uncovered so that probable cause can be reassessed I think that the principle of the Fourth Amendment is the officers have a duty to assess probable cause when new information comes to light. They don't have a duty to seek it out but if they uncover this information they must reassess probable cause, and the context of a warranted arrest. The only way to reassess probable cause is to present that information to the magistrate who issued the warrant in the first instance, I think that principle has to apply in our society. Otherwise, an officer could make an arrest. Based on a haphazard investigation uncover. Well, I'm out of time. I think we understand your case, I hope we do have some lingering doubts but I think we've probably done as much as we can this morning. We appreciate your arguments and helping us this morning. We'll be in recess until tomorrow.